UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VALAUGHN D. GRIGGS, *Pro Se*, | ) | Case No.: 17 CV 1707 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WARDEN DAVID MARQUIS, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On July 19, 2017, Petitioner Valaughn D. Griggs ("Petitioner" or "Mr. Griggs") filed a Petition for Writ of Habeas Corpus ("Petition") (Pet., ECF No. 1) pursuant to 28 U.S.C. § 2254 in the above-captioned case, challenging his conviction and sentence on ten counts of robbery. As a result of the conviction, Petitioner was sentenced to seventeen years in prison. He argues that his Petition should be granted based on the following three grounds:

> Ground One: Appellate counsel failed to raise assignment of error explaining how the Appellant was denied the effective assistance of trial counsel, due to trial counsel failing to object, move for a mistrial and request for a continuance.
>
>> Supporting facts: (1) Appellate counsel did not raise winning issues regarding trial counsel's failure to object to all testimony of phone pings from witnesses not deemed or qualified as experts. (2) Appellate counsel did not raise assignment of error regarding trial counsel's failure to object to State's Exhibit 13. (3) Appellate counsel did not raise an assignment of error pointing to trial counsel's failure to move for a Rule 29/Mistrial on solid grounds of conflicting testimony of State's witnesses. (4) Appellate counsel was ineffective because he failed to exploit trial counsel's ineffectiveness in failing to make a motion for continuance after being surprised by exculpatory evidence on Day 2 of the trial.

> Ground Two: Appellate counsel did not raise an assignment of error concerning prosecutor misconduct.
>
>> Supporting facts: Tr.P. 812-842 shows a clear image of missing photo line-ups and unknown witnesses not disclosed to defense. Prosecution has knowledge of at least one photo-lineup that is exculpatory to the defendant but still has not disclosed to appellate and is withholding and withheld. The police are a part of the prosecution.
>
> Ground Three: Appellate counsel failed to raise [cumulative] error analysis.
>
>> Supporting facts: (A) Cumulative error analysis constituting to [sic] reversal. (B) Appellate court stated in the entry in response to application to re-open pursuant to App.R. 26(B) that analysis only applies in the trial court[.]

(Pet. 4–7.)

Pursuant to Local Rule 72.2, the case was referred to Magistrate Judge Kathleen B. Burke ("Magistrate Judge" or "Judge Burke"), on August 16, 2017, for preparation of a Report and Recommendation ("R & R"). On October 27, 2017, Respondent David Marquis ("Respondent") filed a Motion to Dismiss, arguing that the Petition is barred by the statute of limitations established in 28 U.S.C. § 2244(d) (1). (ECF No. 7.) Mr. Griggs did not respond to Respondent's Motion to Dismiss.

On January 23, 2018, Judge Burke submitted an R & R, recommending that Mr. Griggs' Petition be dismissed as barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244. (R & R at 12.) First, the Magistrate Judge indicated that Mr. Griggs' "case became final on December 24, 2015, because the Ohio Court of Appeals affirmed his conviction and sentence in his direct appeal on November 9, 2015, and Griggs had forty-five days to appeal to the Ohio Supreme Court, which he did not do." (*Id*. at 10.) The Magistrate Judge determined that the limitations period was tolled between January 27, 2016,

when Mr. Griggs filed a Rule 26(B) Application with the Ohio Court of Appeals to reopen his direct appeal, and June 29, 2016, when the Ohio Supreme Court denied Mr. Griggs leave to appeal the ruling of the Ohio Court of Appeals. (*Id*. at 11.) The Magistrate Judge explained that the limitations period, of which 332 days remained, began running again the day after the Ohio Supreme Court denied Mr. Griggs leave to appeal, June 30, 2016. (*Id*.) Consequently, the Magistrate Judge found that the statute of limitations expired on May 28, 2017. (*Id*.) Because Mr. Griggs filed the instant Petition on July 19, 2017, Judge Burke determined that the Petition was filed 52 days after the deadline for doing so.

Finally, the Magistrate Judge explained that Mr. Griggs provided no basis for equitable tolling. She noted that Mr. Griggs did not file a response to Respondent's Motion to Dismiss. As a result, Judge Burke determined that Mr. Griggs failed to satisfy his burden for establishing an entitlement to equitable tolling.

As of the date of this Order, Petitioner has not filed objections to the R & R. By failing to timely object, Petitioner has waived the right to appeal this court's Order. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). After careful review of Judge Burke's R & R and all other relevant documents in the record, the court finds no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *Arn*, 474 U.S. at 150 ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). Accordingly, the court adopts Judge Burke's R & R in its entirety and hereby dismisses Mr. Griggs' Petition for Writ of Habeas Corpus (ECF No. 1) as time-barred. The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not

be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 26, 2018